# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELIZABETH MOELLER and NICOLE BRISSON, individually, and on behalf of all others similarly situated, | Case No. 2:16-cv-11367-JEL-EAS |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | |
| AMERICAN MEDIA, INC., a Delaware corporation, and ODYSSEY MAGAZINE PUBLISHING GROUP, INC., a Delaware corporation, | |
| Defendants. | |

## <u>DEFENDANTS' MOTION TO DISMISS</u>

Defendants, by and through their attorneys, move to dismiss Plaintiffs' complaint based on Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth more fully in the accompanying brief, this Court should dismiss Plaintiffs' complaint because Plaintiffs do not have standing to pursue their claims against Defendants; Plaintiffs do not have an actual injury, precluding them from pursuing statutory relief; and they do not have a properly-supported unjust enrichment claim. Accordingly, Defendants request that this Court grant their Motion to Dismiss and dismiss Plaintiffs' complaint with prejudice.

This motion will be opposed. On June 8, 2016, there was a conference

5422388v.1
5422388v.1
5422388v.1

between the attorneys in which Defendants' counsel explained the nature of the

motion and its legal basis and requested but did not obtain concurrence in the relief

sought.

Dated:  June 13, 2016                    Respectfully submitted,

                                         **American Media Inc. & Odyssey Magazine
                                         Publishing Group, Inc.**

                                         By: /s/ Jacob A. Sommer

                                         Jacob A. Sommer
                                         ZWILLGEN PLLC
                                         1900 M St. NW, Ste. 250
                                         Washington, DC 20036
                                         (202) 706-5205
                                         jake@zwillgen.com

                                                 and

                                         WILSON ELSER MOSKOWITZ
                                           EDELMAN & DICKER LLP
                                         John T. Eads, III (P43815)
                                         William S. Cook (P68934)
                                         17197 N. Laurel Park Drive, Suite 201
                                         Livonia, Michigan 48152
                                         313.327.3100 p | 313.327.3101 f
                                         william.cook@wilsonelser.com

                                         *Attorneys for Defendants*

1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELIZABETH MOELLER and NICOLE BRISSON, individually, and on behalf of all others similarly situated, | Case No. 2:16-cv-11367-JEL-EAS |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | |
| AMERICAN MEDIA, INC., a Delaware corporation, and ODYSSEY MAGAZINE PUBLISHING GROUP, INC., a Delaware corporation, | |
| Defendants. | |

## **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

0

# TABLE OF CONTENTS

Table of Authorities....................................................................................iii

Concise Statement of Issues Presented……………………..…………………viii

Controlling or Most Appropriate Authority………………………………………ix

PRELIMINARY STATEMENT……………………………………………………...1

BACKGROUND………………………………………………………………...2

    A. Moeller and Brisson – Their Allegations…...………………………...…2

    B. The VRPA...………………………………………………………………...3

    C. The Supreme Court's *Spokeo* Decision………………..……………….4

ARGUMENT…………………………………………………………………….5

    I.    Legal Standards.…………………………………………………...6

    II.    *Spokeo* Renders Plaintiffs' VRPA Claim Non-Justiciable…………...7

            A.  Allegations That Plaintiffs Overpaid for, or Would Not Have Purchased, Their Subscriptions Do Not Confer Standing…………………………………………………..11

    III.    The VRPA Amendment Renders Plaintiffs' Claim Non-Justiciable………………………………………………………12

            A.  The VRPA's Actual Damages Requirement Applies Retroactively……………………………….….…..…12

               1. The Michigan Legislature Intended the VRPA to Apply Retroactively……..……………………...13

               2. The Actual Damages Requirement Is Remedial and Does Not Impact a Vested Right…………………...19

i

a.   The Requirement Is Remedial…………..……...20

b.   S.B. 490 Does Not Take Away Plaintiff's
Vested Rights…………………………..………21

B.   Plaintiffs Do Not Claim They Were Actually Injured....22

IV.   Plaintiffs   Fail   To   State   a   Claim   For   Unjust
Enrichment…………………………………………....……..……22

V.   If the Amendment Does Not Apply Retroactively, the VRPA Provides
Plaintiff's Exclusive Remedy………………………………………..24

CONCLUSION.......................................................................................25

CERTIFICATE OF SERVICE……………………………………………26

ii

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Alliedsignal, Inc. v. Amcast Int'l Corp.*,
    177 F. Supp. 2d 713 (S.D. Ohio 2001) ...................................................... 16, 17

*Allor v. DeClark, Inc.*,
    No 300953, 2012 WL 555779 (Mich. App. Feb. 21, 2012) ............................ 23

*Allstate Ins. Co. v. Faulhaber*,
    157 Mich. App. 164 (1987) .................................................... 14, 20, 21

*Am. Atheists, Inc. v. City of Detroit Downtown Dev. Auth.*,
    567 F.3d 278 (6th Cir. 2009) ............................................................. 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................... 6, 23

*Attorney Gen. v. Flint City Council*,
    269 Mich. App. 209 (2005) ............................................................. 21

*Beaudry v. TeleCheck Servs., Inc.*,
    579 F.3d 702 (6th Cir. 2009) ............................................................. 9

*Bell Atlantic Corp. v. Twombley*
    550 U.S. 544 (2007) ..................................................................... 6

*Bonilla v. Lafler*,
    No. 06–15466, 2009 WL 2386080 (E.D. Mich. July 30, 2009) ...................... 12

*Bristol Mfg., Inc. v. Jennings Gen. Maint., Inc.*,
    272006, 2008 WL 1004879 (Mich Ct. App. Apr. 10, 2008) ..................... 23

*Cain v. Redbox Automated Retail, LLC*,
    981 F. Supp. 2d 674 (E.D. Mich. 2013) .................................................. 18, 19

*Carlsen v. GameStop, Inc.*,
  112 F. Supp. 3d 833 (D. Minn. 2015) ............................................................ 11

*Church of Scientology of Cal. v. United States*,
  506 U.S. 9 (1992) ........................................................................................ 8

*Danse Corp. v. City of Madison Heights*,
  466 Mich. 175 (2002) .................................................................................. 17

*Dep't of Agric. v. Appletree Mktg., L.L.C.*,
  485 Mich. 1, 7-10 (2010)……………………………………………………..24

*Detroit Edison Co. v. State*,
  320 Mich. 506 (1948) .................................................................................. 19

*Doe v. Boland*,
  698 F.3d 877 (6th Cir. 2012) ....................................................................... 8

*Duffy v. Grange Ins. Co. of Michigan*,
  No. 290198, 2010 WL 3655979 (Mich. Ct. App. Sept. 21, 2010) ............ 13, 20

*Frank W. Lynch & Co. v. Flex Technologies, Inc.*,
  463 Mich. 578 (2001) ............................................................................. 13, 18

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*,
  528 U.S. 167 (2000) .................................................................................... 7

*Galaria v. Nationwide Mut. Ins. Co.*,
  998 F. Supp. 2d 646, 658 (S.D. Ohio 2014) ............................................ 12-13

*Gen. Motors Corp v. Dep't of Treasury*,
  290 Mich. App 355 (2010) ......................................................................... 15

*Halaburda v. Bauer Publ'g Co.*,
  No. 12-CV-14390, 2013 WL 4012827 (E.D. Mich. Aug 6, 2013) ........ 9, 18, 19

*Hollingsworth v. Perry*,
  133 S. Ct. 2652 (2013)............................................................................. 10-11

iv

*In re Certified Questions from United States Court of Appeals for the Sixth Circuit*,
   416 Mich. 558 (1982) ................................................................ 13, 20

*In re Oswalt*,
   444 F.3d 524 (6th Cir. 2006) .......................................................... 14

*In re Oswalt*,
   318 B.R. 817 (W.D. Mich. 2004), *aff'd* 444 F.3d 524 (6th Cir. 2006) ............ 14

*Inhabitants of Montclair Twp. v. Ramsdell*,
   107 U.S. 147 (1883) ....................................................................... 14

*Kammer Asphalt Paving Co, Inc. v. East China Twp. Sch.*,
   504 N.W. 2d 635 (1993) ................................................................. 22

*Kinder v. Meredith Corp.*,
   14-CV-11284, 2014 WL 4209575 (E.D. Mich. Aug. 26, 2014) ...................... 18

*LaFontaine Saline, Inc. v. Chrysler Group, LLC*,
   496 Mich. 26 (2014) ...................................................................... 13

*Lahti v. Fosterling*,
   357 Mich. 578 (1959) ..................................................................... 21

*Lambert v. Hartman*,
   517 F.3d 433 (6th Cir. 2008) ............................................................ 6

*Low v. LinkedIn Corp*,
   No. 11-CV-01468, 2011 5509848 (N.D. Cal. Nov. 11, 2011) ........................ 11

*McCreary v. Shields*,
   333 Mich. 290 (1952) ..................................................................... 22

*Ohio Nat. Life Ins. Co. v. United States*,
   922 F.2d 320 (6th Cir. 1990) ............................................................. 7

*People v. McGraw,*
   484 Mich. 120, 771 N.W. 2d 655 (2009) ........................................................ 17

*People v. Peltola*,
   489 Mich. 174 (2011) ...................................................................... 16

*People v. Sheeks*,
   244 Mich. App. 584 (2001) .............................................................. 14

*Reeves v. Reno*,
   61 F. Supp. 2d 661 (E.D. Mich. 1999) ................................... 13, 16, 17

*Roberts v. Hamer,*
   655 F.3d 578 (6th Cir. 2011) .............................................................. 7

*Romein v. Gen. Motors Corp.*,
   168 Mich. App. 444 (1988), *aff'd* 436 Mich. 515 (1990),
   *aff'd* 503 U.S. 181 (1992) ............................................................ 14, 15

*Rookledge v. Garwood*,
   340 Mich. 444 (1954) ...................................................................... 20

*Rory v. Cont'l Ins. Co.*,
   473 Mich. 457 (2005) ...................................................................... 16

*Sanders v. Allison Engine Co., Inc.*,
   703 F.3d 930 (6th Cir. 2012) ............................................................ 16

*Seaton v. Wayne County Prosecutor*,
   233 Mich. App. 313 (1998) ...................................................... 13, 15, 19

*Spokeo Inc. v. Robins*,
   No. 13-1339, 578 U.S. __ (May 16, 2016) Slip Op. ................................ *passim*

*United States v. Lucido*,
   612 F.3d 871 (6th Cir. 2010) ............................................................ 10

5422388v.1

*Van Buren Twp. v. Garter Belt Inc.*,
    258 Mich. App. 594 (2003) ......................................................................... 21-22

## Statutes & Rules

Fed. R. Civ. P. 12(b)(1)……………………………………………….……6

Fed. R. Civ. P. 12(b)(6)……………………………………………………6, 7

Mich. Compiled Laws Annotated, § 445.1712 ............................................... ix, 3, 6

Mich. Ct. R. 3.501 ................................................................................................. 18

## Other Authorities

33 Jour. of Mich. Senate, 98th Legis., Apr. 12, 2016 ................................................ 4

Comm. On Commerce & Trade, Mich. House of Reps., Feb. 9, 2016,
    Testimony of Ari J. Scharg ............................................................................ 18

5422388v.1

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1.     Whether Plaintiffs' VRPA claims should be dismissed for lack of standing under the VRPA and Article III of the U.S. Constitution and for failure to state a claim?

**Defendants' Answer:  Yes.**

2.     Whether Plaintiffs' unjust enrichment claims should be dismissed for failure to state a claim when it is based solely on American Media's retention of the purchase price of her subscription when the only wrong alleged is a violation of the VRPA, which itself provides a complete remedy?

**Defendants' Answer:  Yes.**

viii

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

The controlling and most appropriate authority include *Spokeo Inc. v. Robins*, No. 13-1339, 578 U.S. __ (May 16, 2016), Slip Op, and M.C.L. § 445.1712, as amended by S.B. 490, 98th Leg. Reg. Sess. (Mich. 2016).

5422388v.1

## **PRELIMINARY STATEMENT**

Plaintiffs Elizabeth Moeller and Nicole Brisson ("Plaintiffs") join a long line of individuals attempting to represent individuals whose names and addresses magazine publishers disclosed to unnamed third parties. Plaintiffs' claims, however, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because two recent events make clear they lack standing and have failed to state a claim.

***First,*** in S*pokeo Inc. v. Robins* ("*Spokeo*"), the Supreme Court clarified that alleging a "bare procedural violation" of a statute is not sufficient to allege injury in fact to satisfy Article III. Rather, "Article III standing requires a concrete injury even in the context of a statutory violation." To be "concrete," an injury "must actually exist." Rather than allege concrete injuries, Plaintiffs rely on an alleged bare procedural violation of Michigan's Video Rental Privacy Act (the "VRPA") as their injury-in-fact. Nowhere do Plaintiffs allege that they suffered an injury from American Media's alleged disclosures. Because Plaintiffs do not allege that they have suffered any actual, concrete harm, they lack Article III standing under *Spokeo* and the Court should dismiss their claims.

***Second***, Michigan recently enacted an amendment to the VRPA clarifying that a plaintiff must suffer an actual injury to pursue a civil claim under the statute. The requirement applies retroactively to Plaintiffs' claims. The Michigan legislature made the retroactive effect clear in several ways, including by

1

describing the amendment as "curative and intended to clarify" the actual injury requirement and expressly providing for prospective application of a different provision. Retroactive application is also appropriate because the amendment is remedial and does not take away a vested right. Because Plaintiffs have not alleged an actual injury as the VRPA requires, their claims should be dismissed.

Finally, both Plaintiffs' unjust enrichment claims also fail as a matter of law because, like their conclusory allegations of actual harm, neither plaintiff has plausibly alleged she lost anything of value or that American Media was "unjustly" enriched at her expense.

## **BACKGROUND**

### A. Moeller and Brisson – Their Allegations

American Media is a magazine publisher. Compl. ¶ 1. Moeller and Brisson's sole allegation against American Media is that it disclosed "information that identifies [each] as having purchased subscription[s]," to American Media magazines, which she calls her "Personal Reading Information." *Id*. ¶ 34, 44. Plaintiffs also both complain about disclosures to so-called "data miners" and "database cooperatives." *Id*. ¶35, 45.

Moeller and Brisson claim that American Media's disclosure of their "Personal Reading Information" violates the VRPA. Compl. ¶ 4. And that their magazine subscriptions were less valuable than they thought. *Id*. ¶¶ 39, 49, 74, 75.

2

Each plaintiff also suggests that had she known about American Media's alleged VRPA violations before subscribing, neither would have purchased a subscription from American Media. *Id.* ¶ 76. Neither plaintiff alleges, however, that she knew of the VRPA when she subscribed, or that any portion of the price she paid for her subscription was intended to ensure confidentiality of her information.

## B. The VRPA

In 1988, after a newspaper published titles of films Judge Robert Bork's family rented from a video store, Congress passed the Video Privacy Protection Act. Compl. ¶ 13. A few weeks later, Michigan passed the VRPA, which placed certain limitations on disclosing customer information. M.C.L. § 445.1712. For 25 years, the VRPA sat dormant. That changed in 2012 when attorneys started brandishing it against magazine publishers.

Earlier this year, Michigan enacted S.B. 490, 98th Leg. Reg. Sess. (Mich. 2016), which clarified that a plaintiff must suffer actual damages to bring a claim under the VRPA:

> This amendatory act is curative and is intended to clarify . . . that a civil action for a violation of those prohibitions [on disclosure of customer information] may only be brought by a customer who has suffered actual damages as a result of the violation.

S.B. 490 Enacting Provisions, § 2. Section 5 of S.B. 490 revised the VRPA as follows (additions capitalized and bolded, deletions struck through):

**(2)** A customer **DESCRIBED IN SUBSECTION (1) WHO SUFFERS**

3

**ACTUAL DAMAGES AS A RESULT OF A VIOLATION OF THIS ACT** may bring a civil action against the person **THAT VIOLATED THIS ACT** and may recover both of the following:

> (a) ~~Actual~~ **THE CUSTOMER'S ACTUAL** damages, including damages for emotional distress**.** ~~, or $5,000.00, whichever is greater.~~
>
> (b) ~~Costs~~ **REASONABLE COSTS** and ~~reasonable~~ attorney fees.

S.B. 490, § 5(2). During discussion of S.B. 490, Senator Warren urged the Senate to reject the bill, warning that "the law will likely be interpreted as retroactive." 33 Jour. of Mich. Senate, 98th Legis., Apr. 12, 2016 at 473. She also tried to re-insert the original damages provision that did not clarify the actual injury requirement. *Id.* at 469. The Senate rejected these efforts and passed S.B. 490 as presented.

### C. The Supreme Court's *Spokeo* Decision

On May 16, 2016, the Supreme Court decided *Spokeo Inc. v. Robins*, No. 13-1339, 578 U.S. __ (May 16, 2016), Slip Op. Plaintiff Thomas Robins alleged that Spokeo violated the Fair Credit Reporting Act ("FCRA") by disseminating inaccurate information about his financial and educational status and other personal details. The district court dismissed Robins' case for lack of standing. *Id.* at 4. The Ninth Circuit reversed, holding that where a statute does not require proof of actual damages, a plaintiff can sue based on the statutory violation alone. *Id.* at 4-5. The Supreme Court vacated the Ninth Circuit's ruling, finding that a plaintiff does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to

4

vindicate that right." *Id.* at 9. Rather, "Article III standing requires a concrete injury even in the context of a statutory violation," or at least a "material risk of harm." *Id.* at 9, 11. A "bare procedural violation" is not enough. *Id.* at 9, 10.

## ARGUMENT

Plaintiffs do not have standing for two reasons. ***First***, the *Spokeo* decision clarifies that a plaintiff cannot rely on a bare statutory violation as an injury-in-fact to confer subject matter jurisdiction under Article III, which is what Plaintiffs have done. ***Second***, the Michigan legislature's passage of S.B. 490 clarifies that a plaintiff must suffer actual injury to pursue a civil VRPA claim. This requirement applies retroactively, meaning that even if Plaintiffs have standing under Article III, Plaintiffs cannot state a claim without alleging actual injury.

Both Plaintiffs' unjust enrichment claims also fail as a matter of law because, like their conclusory allegations of actual harm, neither plaintiff has plausibly alleged she lost anything of value or that American Media was "unjustly" enriched at her expense. Further, if the Court does not give the actual damages requirement retroactive effect, Plaintiffs' unjust enrichment claims based on American Media's alleged disclosure of magazine information cannot stand because the VRPA provides her complete and exclusive remedy.

## I.   Legal Standards

A Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, a court should construe the pleading in the non-movant's favor and accept the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle-[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).

As the Sixth Circuit has explained, in deciding a Rule 12(b)(1) motion to dismiss based upon subject matter jurisdiction "A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand, when a court reviews a complaint under a factual

6

attack, as here, no presumptive truthfulness applies to the factual allegations."

*Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

## II. *Spokeo* Renders Plaintiffs' VRPA Claim Non-Justiciable

Plaintiff's Complaint should be dismissed because *Spokeo* clarifies that a plaintiff cannot rely solely on a violation of a statute as an injury-in-fact to confer Article III standing.[1] To establish Article III standing, a plaintiff must demonstrate (1) cognizable injury-in-fact, (2) traceable to the defendant's alleged conduct, and (3) redressable by judicial decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). To satisfy the injury-in-fact prong, a plaintiff must allege an "actual … invasion of a concrete and particularized legally protected interest." *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012) (internal quotation marks and citation omitted). The *Spokeo* decision clarifies that a plaintiff cannot rely on a bare statutory violation as injury-in-fact sufficient to confer subject matter jurisdiction under Article III.[2]

_____

[1] Plaintiffs also lack statutory standing and fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) for the same reason. The Sixth Circuit has explained that "[w]here a plaintiff lacks statutory standing to sue, her claim should be dismissed for failure to state a claim upon which relief can be granted." *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011). Here, a legally cognizable injury is a required element of a VRPA claim. Plaintiffs have not adequately alleged such injury, and therefore fail to state a claim upon which relief can be granted and lack statutory standing.

[2] The fact that Plaintiffs filed their Complaint prior to *Spokeo* does not change the outcome. Article III's requirements extend throughout "all stages of federal

Plaintiffs' sole allegations against American Media are that it disclosed "information that identifies [them] as having purchased a subscription," a magazine American Media published, which she calls her "Personal Reading Information." Compl., ECF 1, ¶ 35, 45. Plaintiffs complain about disclosures to so-called "data miners" and "database cooperatives." *Id.* ¶ 36, 46. Plaintiffs identify no risk of future harm emanating from these disclosures, claiming only that American Media's disclosure of their so-called Personal Reading Information violates the VRPA. Compl. ¶ 4.

These allegations are similar to the allegations in *Coulter-Owens*. At the motion to dismiss stage in *Coulter-Owens*, the Court held that "it was unclear ... whether plaintiff[] could articulate any injury other than a violation of the statute." *Halaburda v. Bauer Publ'g Co.,* No. 12-CV-14390, 2013 WL 4012827, *4 (E.D. Mich. Aug 6, 2013). It relied on the Sixth Circuit's decision in *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009) to find that Plaintiff had alleged a sufficient injury-in-fact to confer standing. *Halaburda,* 2013 WL 4012827 at *5. The Court pointed to *Beaudry's* statement that a plaintiff alleging a

---

judicial proceedings, trial and appellate." *Am. Atheists, Inc. v. City of Detroit Downtown Dev. Auth.,* 567 F.3d 278, 287 (6th Cir. 2009). Under Article III, when a plaintiff loses standing during the pendency of the case, the matter becomes moot, and the court loses jurisdiction. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). Thus, even if Plaintiffs had standing when they filed their Complaint, they no longer do.

bare violation of a statute without alleging actual injury has Article III standing because Congress "has the power to create new legal rights, [including] right[s] of action whose only injury-in-fact involves the violation of that statutory right." *Id.* (quoting *Beaudry*, 579 F.3d at 707). *Spokeo*, however, clarified that "Congress' role in identifying and elevating intangible harms ***does not mean*** that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo* at 9 (emphasis added). Rather, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

Under *Spokeo*, Plaintiffs' have not alleged an injury in fact that confers standing. A plaintiff must show "concrete and particularized" injury, with concrete meaning "'real,'" "not 'abstract,' and "it must actually exist." *Spokeo* at 8. While Congress can identify intangible harms not previously recognized at law, a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id.* at 11. The Supreme Court explained that the plaintiff in *Spokeo* "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."[3]

---

[3] While the Court in *Spokeo* remanded for determination of whether alleged falsities in plaintiff's credit report "entail a degree of risk" of harm "sufficient to meet the concreteness requirement" (*id*. at 11), there are no false statements or any other grounds for alleging a concrete "material risk of harm" in this case. *Id.*

Likewise, alleging a bare procedural violation of the VRPA with no resulting concrete harm does not satisfy the injury-in-fact requirement of Article III. To the extent *Beaudry* dictated a different result, it has now been overruled. *See United States v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010) ("Although a prior decision by a panel of this Court is controlling authority in subsequent cases, an inconsistent decision of the United States Supreme Court requires modification of the earlier panel decision.") (internal quotations omitted). After *Spokeo*, Plaintiffs cannot write their tickets to federal court by asserting American Media's (alleged) violation of the VRPA alone as an injury-in-fact.

That the VRPA is a state statute does not affect *Spokeo's* dispositive effect. "States cannot alter [the role of federal courts] simply by issuing to private parties who otherwise lack standing a ticket to the federal courthouse." *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2658 (2013). *Spokeo's* admonition that "Article III standing requires a concrete injury even in the context of a statutory violation," applies regardless of which legislative body enacted the statute. *See Spokeo,* at 9. American Media's alleged violation of the VRPA is not an injury-in-fact sufficient to confer Article III standing.

## A. Allegations That Plaintiffs Overpaid for, or Would Not Have Purchased, Their Subscriptions Do Not Confer Standing

Plaintiffs' allegation they paid more for their subscription than they would have if they had known about American Media's alleged practices or that they

10

would not have subscribed is insufficient. Plaintiffs allege no facts to support these conclusory allegations. Moreover, "overpayment" and "would not have shopped" theories do not suffice under Article III. Indeed, "[c]ourts have generally found 'overpayment' theories insufficient to establish injury, even in situations involving highly sensitive PII"—which magazine titles are not. *Carlsen v. GameStop, Inc.*, 112 F. Supp. 3d 855, 861 (D. Minn. 2015) (holding that "overpayment" and "would not have shopped" allegations did not establish injury-in-fact). *See also Low v. LinkedIn Corp*, No. 11–CV–01468, 2011 WL 5509848, at *4–5 (N.D. Cal. Nov. 11, 2011) (finding allegation "that [plaintiff] was not justly compensated for [defendant's] transfer of his personal data" was "too abstract and hypothetical to support Article III standing"); *Galaria v. Nationwide Mut. Ins. Co.*, 998 F. Supp. 2d 646, 658 (S.D. Ohio 2014) (refusing to find "that the loss of privacy alone constitutes an injury sufficient to confer standing). None of these allegations establish injury-in-fact sufficient to confer Article III standing.

## III.    The VRPA Amendment Renders Plaintiffs' Claim Non-Justiciable

### A. The VRPA's Actual Damages Requirement Applies Retroactively

Plaintiffs' claim is also no longer justiciable because the VRPA as amended itself requires actual injury to bring a civil suit. Section 5 states that only a customer, "who suffers actual damages as a result of a violation of this act" may pursue a civil action. S.B. 490, § 5(2). The amendment to the VRPA states that "a

11

civil action for a violation … may only be brought by a customer who has suffered actual damages as a result of the violation." S.B. 490, Enacting Provisions, § 2.

This actual injury requirement applies retroactively. Whether "a Michigan statute should be applied retroactively is a matter of state law." *Bonilla v. Lafler*, No. 06–15466, 2009 WL 2386080, at *21 (E.D. Mich. July 30, 2009). Michigan courts consider four principles when evaluating retroactivity:

> First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute.

*LaFontaine Saline, Inc. v. Chrysler Group, LLC*, 496 Mich. 26, 38-39 (2014).[4]

Each factor compels applying S.B. 490's actual injury requirement retroactively.

## 1.   The Michigan Legislature Intended the VRPA to Apply Retroactively

The Michigan legislature amended the VRPA to clarify that the VRPA had

---

[4] Courts place heavy weight on the first element. *Duffy v. Grange Ins. Co. of Michigan*, No. 290198, 2010 WL 3655979, at *1 (Mich. Ct. App. Sept. 21, 2010). The second element is inapplicable because "[s]econd rule cases relate to measuring the amount of entitlement provided by a subsequent statute in part by services rendered pursuant to a prior statute." *In re Certified Questions from U.S. Ct. of Appeals for the Sixth Cir.*, 416 Mich. 558, 571 (1982). Courts generally analyze elements three and four together. *See, e.g., Seaton v. Wayne County Prosecutor*, 233 Mich. App. 313, 317-18 (1998).

12

always required civil plaintiffs to allege and prove actual injury. In determining whether an amendment to a statute should be applied retroactively "'[t]he primary and overriding rule is that legislative intent governs.'" *Frank W. Lynch & Co. v. Flex Tech., Inc.*, 463 Mich. 578, 583 (2001). To determine legislative intent, courts are "guided by 'traditional tools of statutory construction' which include examination of the statutory 'language itself, the specific context in which the language is used, and the broader context of the statute as a whole,' as well as the statute's legislative history." *Reeves v. Reno*, 61 F. Supp. 2d 661, 665 (E.D. Mich. 1999). These indicia demonstrate that the legislature intended retroactivity here.

*First*, the VRPA's amended language indicates retroactive intent. When examining a statute "[i]t is the duty of the court to give effect, if possible, to every clause and word ... avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed." *Inhabitants of Montclair Twp. v. Ramsdell*, 107 U.S. 147, 152 (1883). This includes the enacting section. *See In re Oswalt*, 444 F.3d 524, 529 (6th Cir. 2006). The enacting section states that S.B. 490 is "***curative*** and intended to ***clarify***" that the VRPA requires actual damages. S.B. 490, Enacting Provisions, § 2 (emphasis added).

Clarifying amendments apply retroactively. In *Allstate Ins. Co. v. Faulhaber*, 157 Mich. App. 164 (1987), the court held that because "the amendment was intended by the Legislature to clarify [an] ambiguity. … [T]he

13

Legislature intended for it to apply retroactively to all actions." *Id*. at 167. In *People v. Sheeks*, 244 Mich. App. 584 (2001), the court found a statute applied retroactively where the language "plainly indicates an intent to clarify the statute and to reform existing rights under the statute." *Id*. at 594; *see also In re Oswalt*, 318 B.R. 817, 821 (W.D. Mich. 2004) *aff'd* 444 F.3d 524 (6th Cir. 2006) (same).

Michigan courts also apply curative amendments retroactively. In *Romein v. Gen. Motors Corp.*, 168 Mich. App. 444 (1988) *aff'd*, 436 Mich. 515 (1990) *aff'd*, 503 U.S. 181 (1992), in finding that an amendment should apply retroactively, the court relied on the fact that the act "describe[d] the amendatory subprovisions as 'remedial and curative.'" *Id.* at 454. The court observed that "[c]urative legislation has been defined as legislation enacted to cure defects in prior law." *Id*. at 456. *See also Gen. Motors Corp v. Dep't of Treasury*, 290 Mich. App 355, 371 (2010) (curative amendment was retroactive); *Seaton*, 233 Mich. App. at 323 ("Courts have consistently upheld the retroactive application of 'curative' legislation").

The contrast between Section 5 and Section 3(d) of S.B. 490 confirms that the legislature intended the amendment to apply retroactively. S.B. 490 clarifies two aspects of the VRPA: (1) that civil actions require actual damages and (2) that the VRPA does not prohibit disclosures in the ordinary course of business. S.B. 490, Enacting Provisions, § 2. Subsection 3(d) clarifies the ordinary course of business exception. That subsection states that it "only applies to a record or

14

information that is created or obtained after the effective date of the amendatory act that added this subdivision." S.B. 490, § 3(d). Section 5 clarifies the actual damages requirement, and is not expressly restricted to prospective application.

Language applying one section prospectively that is absent in another is evidence of legislative intent. "The Supreme Court has instructed that where a statute includes 'particular language in one section ... but omits it in another section of the same Act,' it leads to the general presumption that the 'disparate inclusion or exclusion' was done 'intentionally and purposely.'" *Sanders v. Allison Engine Co., Inc.*, 703 F.3d 930, 936 (6th Cir. 2012). This maxim of "*expressio unius*" is "a rule of construction that is a product of logic and common sense" and the Michigan Supreme Court has noted that "no maxim is more uniformly used to properly construe statutes." *Rory v. Cont'l Ins. Co.*, 473 Mich. 457, 503 (2005). Such common sense applies here. S.B. 490 includes language limiting the ordinary course of business exception to prospective application but excludes such language from the section clarifying the actual damages requirement. "Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion." *People v. Peltola*, 489 Mich. 174, 185 (2011).

Courts have applied *expressio unius* in cases evaluating retroactivity of an amendatory act. In *Reeves v. Reno*, 61 F. Supp. 2d 661 (E.D. Mich. 1999), where

15

Congress provided for retroactive application in one provision of AEDPA, the court found "that silence in another provision created 'negative implication' that Congress intended prospective application when it had not expressly provided for retroactive application." *Id.* at 666. The court in *Alliedsignal, Inc. v. Amcast Int'l Corp.*, 177 F. Supp. 2d 713 (S.D. Ohio 2001), likewise used the same maxim to conclude that Congress intended certain sections of CERCLA to have retroactive effect. *Id.* at 729-30. So too here. If the legislature had not intended that S.B. 490's clarification regarding actual damages be applied retroactively, it would not have limited the ordinary course of business exception to prospective application.

This language would be superfluous if the legislature intended for the amendment to apply prospectively. "The court must presume that every word has some meaning and, if possible, effect should be given to each provision." *Danse Corp. v. City of Madison Heights*, 466 Mich. 175, 182 (2002). "In interpreting a statute, we [must] avoid a construction that would render part of the statute surplusage or nugatory." *People v. McGraw*, 484 Mich. 120, 126 (2009). If the entire amendment were intended to apply prospectively, language limiting the ordinary course of business exception to prospective application would be mere surplusage. The Court should not read this language as superfluous.

*Second*, the bill's legislative history's demonstrates retroactive intent. A statute's legislative history guides courts when determining whether a statute

16

applies retroactively. *See Reeves*, 61 F. Supp. 2d at 665. Here, that history shows that the Michigan legislature knew of the retroactive effect of the actual injury requirement when it passed S.B. 490. Senator Warren noted that the law "will likely be interpreted as retroactive." Senate Jour. at 473. Plaintiffs' counsel objected to the House Commerce Committee that the bill's proponents were seeking to "giv[e] S.B. 490 retroactive effect." Testimony of Ari J. Scharg, *Comm. on Commerce and Trade, Mich. House of Reps.*, Feb. 9, 2016, at 10. Legislators understood the retroactive impact of S.B. 490, but "determined that the benefits of retroactivity outweigh[ed] the potential for disruption or unfairness." *Frank W. Lynch*, 463 Mich. at 587. Applying the injury requirement retroactively *cures* an unintended unfairness because Michigan law prohibits class actions seeking statutory damages without actual injury in state court. *See* Mich. Ct. R. 3.501(A)(5). Applying the actual injury requirement retroactively prevents plaintiffs from seeking relief in federal court under a state statute that is unavailable to them under state law.

*Third*, Michigan adopted the amendment amid ongoing controversy over statutory standing. Michigan federal courts have presided over multiple class actions brought under the VRPA. Each court addressed whether the VRPA required actual damages to state a claim. *See, e.g*, *Kinder v. Meredith Corp.*, 14-CV-11284, 2014 WL 4209575, *2 (E.D. Mich. Aug. 26, 2014); *Cain v. Redbox*

17

*Automated Retail, LLC*, 981 F. Supp. 2d 674, 682–684 (E.D. Mich. 2013); *Halaburda*, 2013 WL 4012827 at *4. The *Halaburda* court noted its "hesitation" to find that the allegations "meet the definition of an injury in fact" and "reluctance" to find that the VRPA does "not require a showing of actual damages," but at the time could not distinguish the case from *Beaudry. Id.* at *4-5. The court expressed the same hesitation in another VRPA case. *See Cain*, 981 F. Supp. 2d at 683.

With S.B. 490, the Michigan Legislature addressed and corrected these doubts, making the VRPA distinguishable from the FCRA and *Beaudry*. The Michigan legislature knew both of this ongoing controversy, and that courts previously interpreted the VRPA as not requiring actual damages. Where, as here, an amendment is "enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of substantial change." *Detroit Edison Co. v. State*, 320 Mich. 506, 520 (1948).

### 2.    The Actual Damages Requirement Is Remedial and Does Not Impact a Vested Right

Retroactive application of the damages requirement is also required because the provision is remedial and does not impact a vested right. Absent language showing a contrary intention, "[s]tatutes related to remedies or modes of procedure which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing" are "held to operate

18

retrospectively and apply to all actions accrued, pending or future." *Seaton*, 233 Mich. App. at 318. S.B. 490 meets this description.

### a) The requirement is remedial

Senate Bill 490 is remedial because it clarifies an existing law. "A statute is remedial if it is designed to correct an existing oversight in the law … or is intended to reform or extend existing rights." *Duffy*, 2010 WL 3655979 at *2. The Michigan legislature amended Section 5 to clarify that plaintiffs bringing civil actions under the VRPA must suffer actual injury. *See supra* at 6-7. It "abridge[s] superfluities of former laws, remedying defects therein, or mischiefs thereof." *Rookledge v. Garwood*, 340 Mich. 444, 453 (1954).

The actual damages requirement is also remedial because it impacts only how a plaintiff enforces a VRPA right. A "remedial statute" is related to "the means employed to enforce a right or redress an injury." *Id*. In *In re Certified Questions*, 416 Mich. 558 (1982), the Michigan Supreme Court categorized as remedial a statute imparting a comparative negligence regime in tort actions. *Id.* at 578. The court explained that "[s]ince the Legislature has adopted comparative negligence as a principle which reduces plaintiff's damages in proportion to the amount of his negligence, such legislation operates to improve and further a remedy." *Id.* In *Allstate*, the court found remedial an amendment that changed the statute of limitations for a claim from three years (under the catchall provision) to

5422388v.1

two years. 157 Mich. at 168. The court reasoned that "the amendment … did not create a new substantive right for insurance companies but instead simply provided for a definitive statute of limitations in reimbursement actions." *Id.* at 167. S.B. 490 likewise does not create a new substantive right but provides a definitive statement of the Michigan legislature's intent that a plaintiff must suffer actual injury before seeking to bring a civil VRPA action.

### b) S.B. 490 does not take away Plaintiffs' vested rights

Senate Bill 490 does not take away a vested right. All it takes away is the ability to recover something—$5,000—for nothing (without injury). "It is the general rule that that which the legislature gives it may take away. A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it." *Lahti v. Fosterling,* 357 Mich. 578, 589 (1959). In *Atty. Gen. v. Flint City Council*, 269 Mich. App. 209 (2005), the court found that the council members had no vested right to a certain level of continued compensation on the ground that any right they had to that compensation level arose by statute and could be eliminated by statute. *Id.* at 216. Likewise, even assuming the legislature originally intended to allow plaintiffs to recover $5,000 with no injury (which the legislature clarified it did not), the legislature can change its mind. Further, "a right cannot be considered a vested right, unless it is something more than such a mere expectation as may be based upon an anticipated

20

continuance of the present general laws." *See also Van Buren Twp. v. Garter Belt Inc.*, 258 Mich. App. 594, 633 (2003) ("[N]o one has a vested right to the continuation of an existing law by precluding the amendment or repeal of the law."). Plaintiffs can, at most, assert that they believed they could, under the prior version of the VRPA, bring a civil action suffering no actual injury, and now the legislature has clarified that they may not. But even if that were the case, the ability to obtain a $5,000 windfall when suffering no injury is not a vested right.

## B. Plaintiffs Do Not Claim They Were Actually Injured

The VRPA amendment provides an independent basis to dismiss this case. The VRPA as amended requires that a plaintiff suffer actual injury to assert a civil VRPA claim. Plaintiffs do not allege, let alone demonstrate such an injury. They no longer have a justiciable claim, and there is no subject-matter jurisdiction.

## IV. Plaintiffs Fail to State a Claim for Unjust Enrichment

Plaintiffs fail to state a claim for unjust enrichment because they have not suffered any loss. Nor are they entitled to any proceeds American Media received. Unjust enrichment is the retention of "money or benefits which in justice and equity belong to another." *McCreary v. Shields,* 333 Mich. 290, 292 (1952) (internal quotation and citation omitted). To establish unjust enrichment, the defendant must be "unjustly enriched *at the expense of another*." *Kammer Asphalt Paving Co, Inc. v. East China Twp. Sch.,* 443 Mich. 176, 184 (1993), quoting

21

Restatement Restitution, § 1 at 12 (emphasis added). While a plaintiff's recovery is calculated by the defendant's benefit, the plaintiff must suffer *loss* such that the defendant's gain is at her expense. *See Allor v. DeClark, Inc.*, No 300953, 2012 WL 555779 at *2 (Mich. App. Feb. 21, 2012).

Plaintiffs fail to state an unjust enrichment claim because they lost nothing of value. Courts have repeatedly held that personal data has no inherent monetary value and plaintiffs do not suffer loss when such data is disclosed to a third party. Even if this were not the case, Plaintiffs' unjust enrichment claim still fails because [i]t is not enough that . . . the defendant received a benefit. To establish a claim of unjust enrichment, the plaintiff must show that the defendant was unjustly or inequitably enriched at the plaintiff's expense." *Bristol Mfg., Inc. v. Jennings Gen. Maint., Inc*., No. 272006, 2008 WL 1004879 (Mich. Ct. App. Apr. 10, 2008). Here, the only benefit Plaintiffs allege American Media received at their expense is the alleged amount each paid for her subscription to American Media magazines. Compl. ¶¶ 85, 86. But no portion of whatever unidentified price Plaintiffs paid was for that purpose. Moreover, this is the kind of conclusory allegation, devoid of any factual support, that is no longer proper. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.") Without some factual support, Plaintiffs cannot just allege

that a portion of a magazine's price was intended to ensure confidentiality.[5]

## V.    If the Amendment Does Not Apply Retroactively, the VRPA Provides Plaintiff's Exclusive Remedy

If the Court does not dismiss Plaintiffs' VRPA claim because of the enactment of S.B. 490, their unjust enrichment claims should be dismissed for the additional reason that the VRPA preempts their claims. Plaintiffs' unjust enrichment claim is premised on their theory that the price each paid for their subscriptions entitled them to non-disclosure of her Personal Reading Information. Compl. ¶ 84. Any purported entitlement to such non-disclosure, however, is only alleged to arise from the VRPA's prohibitions on disclosure. *Id.*

Because the VRPA covers any privacy interest in non-disclosure of Plaintiffs' Personal Reading Information, if Plaintiff's VRPA claim survives the Amendment, it preempts her unjust enrichment claim. *See, e.g.*, *Dep't of Agric. v. Appletree Mktg., L.L.C.*, 485 Mich. 1, 7–10 (2010) ("[I]f 'a statute gives new rights and prescribes new remedies, such remedies must be strictly pursued; and a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only.'"). Plaintiffs either have a claim under the VRPA for American Media's allegedly improper disclosure of their Personal Reading Information (in which case

---

[5] In addition, even if Plaintiffs could state a claim for unjust enrichment, they still lack standing to bring common law unjust enrichment claims because they have alleged no loss related to American Media's gain.

the VRPA provides a complete and adequate remedy), or they do not (in which

case, American Media cannot have been unjustly enriched).

## CONCLUSION

American Media respectfully requests that the Court grant its Motion to

Dismiss and dismiss Plaintiffs' complaint with prejudice.

Dated:  June 13, 2016                    Respectfully submitted,

**American Media Inc. & Odyssey Magazine
Publishing Group, Inc.**

By:  /s/ Jacob A. Sommer
Jacob A. Sommer
ZWILLGEN PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
(202) 706-5205
jake@zwillgen.com

　　　　　and

WILSON ELSER MOSKOWITZ
　EDELMAN & DICKER LLP
John T. Eads, III (P43815)
William S. Cook (P68934)
17197 N. Laurel Park Drive, Suite 201
Livonia, Michigan 48152
313.327.3100 p | 313.327.3101 f
william.cook@wilsonelser.com

*Attorneys for Defendants*

24

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2016, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Eastern District of Michigan by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ William S. Cook
William S. Cook

5422388v.1