# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ELIZABETH MOELLER and NICOLE BRISSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MEDIA, INC., a Delaware corporation, and ODYSSEY MAGAZINE PUBLISHING GROUP, INC., a Delaware corporation, <br><br> Defendants. | Case No. 2:16-cv-11367-JEL-EAS <br><br> [Hon. Judith E. Levy] |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiffs, Elizabeth Moeller and Nicole Brisson ("Plaintiffs"); (ii) the Settlement Class (as defined herein); and (iii) Defendants, American Media, Inc. (AMI"), and Odyssey Magazine Publishing Group, Inc., now known as AMI Celebrity Publications, LLC[1] ("Odyssey," and together, "Defendants"). The Settlement Class and Plaintiffs are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiffs and the Defendants are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

---

[1] Odyssey Magazine Publishing Group, Inc. was merged out of existence on March 31, 2016. It merged into AMI Celebrity Publications, LLC, a wholly-owned subsidiary of Defendant American Media. Wherever this settlement agreement refers to Odyssey, the parties agree that those provisions will apply with equal force to AMI Celebrity Publications, LLC.

**A.**      This putative class action was filed on April 14, 2016, in the United States District Court for the Eastern District of Michigan. The material allegations of the complaint center on Defendants' alleged disclosure of their customers' personal information and magazine choices to third parties without permission in violation of Michigan's Preservation of Personal Privacy Act, M.C.L. §§ 445.1711-15 ("PPPA") and in breach of their alleged contracts with the putative class members. (Dkt. 1.)

**B.**      In response to the complaint, on June 13, 2016, Defendants filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6), arguing, *inter alia*, that Plaintiffs lacked Article III standing and failed to state a claim upon which relief could be granted. (Dkt. 8.) Plaintiffs filed their opposition brief on July 5, 2016 (Dkt. 12), and Defendants filed their reply brief on October 20, 2016. (Dkt. 21.)

**C.**      From the outset of the case, and including during the pendency of the motion to dismiss, the Parties engaged in direct communications, and as part of their obligations under Fed. R. Civ. P. 26, discussed the prospect of an early resolution. Those discussions led to an agreement between the Parties to engage in early mediation, which the Parties agreed would be take place before retired district judge, Wayne R. Andersen (formerly of the Northern District of Illinois), who was a neutral at JAMS Chicago.

**D.**      As part of the mediation, and in order to competently assess their relative negotiating positions, the Parties exchanged informal discovery, including on issues such as the size and scope of the putative class, and certain facts related to the strength of Defendants' defenses. Given that the information exchanged would have been, in large part, the same information sought in formal discovery related to the issues of class certification and summary judgment, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses.

**E.**     The mediation took place on October 6, 2016 at JAMS's offices in Chicago and took the entire day. While the Parties engaged in good faith negotiations, which at all times were at arms' length, they viewed the case very differently, and as a result, failed to make substantial progress toward an ultimate resolution. Consequently, at the conclusion of the mediation, Judge Andersen made a mediator's proposal to settle the case. The Parties did not accept Judge Andersen proposal and returned to litigation.

**F.**     On January 27, 2017, after considering all of the briefing on the matter, the Court denied Defendants' motion to dismiss. (Dkt. 23.)

**G.**     Defendants thereafter answered Plaintiffs' Complaint on February 9, 2017 by denying the allegations generally and raising seventeen (17) affirmative defenses. (Dkt. 24.)

**H.**     Soon after entry of the Court's Order on the motion to dismiss, the Parties agreed to restart settlement talks with the assistance of Judge Andersen. To that end, Defendants increased their offer to settle the case, which Plaintiffs countered, and engaged in several additional rounds of arms' length negotiations facilitated by Judge Andersen over the course of a four-week period. Having been unable to reach an agreement on their own, on March 22, 2017, Judge Andersen made another mediator's proposal to settle the case, which the Parties accepted.

**I.**     At all times, Defendants have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that they committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or

concession of liability or wrongdoing on the part of Defendants, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

      **J.**     Plaintiffs believe that the claims asserted in the Action against Defendants have merit and that they would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiffs and Class Counsel recognize that Defendants have raised factual and legal defenses that present a risk that Plaintiffs may not prevail. Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendants through class certification, summary judgment, trial, and any subsequent appeals. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiffs believe it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Defendants, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.    **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1**    **"Action"** means *Moeller et al. v. American Media, Inc. et al.*, Case No. 2:16-cv-11367-JEL-EAS, pending in the United States District Court for the Eastern District of Michigan.

1.2    **"AMI Publication"** means a magazine owned or operated by Defendants, including but not limited to, any one of the following:  Country Weekly, Men's Fitness, Muscle & Fitness, Fit Pregnancy, Flex, Muscle & Fitness Hers, Natural Health, National Examiner, Shape, Star, OK!, Radar, Soap Opera Digest, National Enquirer, and Globe.

**1.3**    **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

**1.4**    **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

**1.5**    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five

(45) days after entry of the Final Approval Hearing. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

     **1.6**    **"Class Counsel"** means Jay Edelson of Edelson PC and Scott A. Bursor of Bursor & Fisher, P.A.

     **1.7**    **"Class Representatives"** means the named Plaintiffs in this Action, Elizabeth Moeller and Nicole Brisson.

     **1.8**    **"Court"** means the United States District Court for the Eastern District of Michigan, the Honorable Judith E. Levy presiding, or any judge who shall succeed her as the Judge in this Action.

     **1.9**    **"Defendants"** means American Media, Inc., a Delaware Corporation, and Odyssey Magazine Publishing Group, Inc., a Delaware Corporation.

     **1.10**    **"Defendants' Counsel"** means Jacob Sommer of ZwillGen PLLC.

     **1.11**    **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

     **1.12**    **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendants into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty -five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**1.13**   "**Fee Award**" means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.14**   "**Final**" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.15**   "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representatives.

**1.16**   "**Final Judgment**" means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

**1.17**   "**Michigan Subscriber Information**" means the combination of a Person's name and the title(s) and/or interest information derived solely from the title of an AMI Publication to which such Person currently subscribes and/or has previously subscribed to, where the Person's street address provided to AMI for the subscription is in the state of Michigan.

**1.18**   "**Notice**" means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the

7

manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

**1.19** **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-one (21) days after Preliminary Approval.

**1.20** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.21** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.22** **"Plaintiffs"** means Elizabeth Moeller, Nicole Brisson and the Settlement Class Members.

**1.23** **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.24** **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing

notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

**1.25** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the PPPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' Michigan Subscriber Information, including all claims that were brought or could have been brought in the Action relating to the disclosure of such information belonging to any and all Releasing Parties. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendants.

**1.26** **"Released Parties"** means Defendants American Media, Inc., Odyssey Magazine Publishing Group, Inc., as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

**1.27** **"Releasing Parties"** means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

**1.28** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services.

**1.29** **"Settlement Administrator"** means Kurtzman Carson Consultants, LLC or such other reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

**1.30** **"Settlement Class"** means the approximately 415,000 Persons with Michigan street addresses who obtained a subscription to an AMI Publication between April 14, 2010 and July 31, 2016. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendants, Defendants subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

**1.31**   **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.32**   **"Settlement Fund"** means the non-reversionary cash fund that shall be established by Defendants in the total amount of seven million six hundred thousand dollars ($7,600,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. Payment into the Settlement Fund will be made in three (3) separate installments on the following schedule: (i) four million dollars ($4,000,000.00) shall be paid within fourteen (14) days after entry of the Preliminary Approval Order; (ii) one million eight hundred thousand dollars ($1,800,000.00) within twelve (12) months after entry of the Final Judgment; and (iii) one million eight hundred thousand dollars ($1,800,000.00) within twenty-four (24) months after entry of the Final Judgment. To the extent Defendants fail to timely make any installment payment, Defendants agree that the full amount of the Settlement Fund shall be immediately due and payable (less any amounts previously deposited), with interest earned thereon at the rate of PRIME + 1%. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendants' monetary obligations under this Agreement. In no event shall Defendants' total

monetary obligation with respect to this Agreement exceed or be less than seven million six hundred thousand dollars ($7,600,000.00), plus the interest earned on such sum.

**1.33** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**2.** **SETTLEMENT RELIEF.**

**2.1** **Payments to Settlement Class Members.**

**(a)** Defendants shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund ($7,600,000.00), as specified in Section 1.32 of this Agreement.

(b)     Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim. Each Settlement Class Member with an Approved Claim shall be entitled to a *pro rata* portion of the Settlement Fund by check after deducting the Settlement Administration Expenses, any Fee Award, and any incentive award.

(c)     The Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check with said checks being sent via first class U.S. mail to the Settlement Class Members who submitted all such Approved Claims. Payments to all Settlement Class Members with Approved Claims shall be made within twenty-eight (28) days after the final installment payment into the Settlement Fund.

(d)     All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall, subject to Court approval, revert to the Michigan Bar Foundation's Access to Justice Fund.

**2.2     Prospective Relief**.

(a)     For a period of four (4) years following Preliminary Approval, except as provided in paragraphs 2.2(b)-(c) below, Defendants agree not to disclose any Michigan Subscriber Information to any third-party companies without the prior express written consent of the affected subscribers.

(b)     Nothing in this Settlement Agreement shall prevent Defendants from disclosing Michigan Subscriber Information to third parties as may be reasonably required to produce, deliver, bill, collect payment for, renew, and otherwise manage, market, and fulfill orders for the AMI Publications.

13

(c)     Nothing in this Settlement Agreement shall prohibit the transfer by Defendants of Michigan Subscriber Information to a third party in connection with a sale, merger, licensing agreement (or termination of a licensing agreement) or other transaction that transfers control over all or substantially all of the assets of an AMI Publication or operating division that collects or processes Michigan Subscriber Information in the ordinary course of its business to such a third party, or to any third party with which AMI publishes and/or operates an AMI Publication, provided that such third party agrees to treat any Michigan Subscriber Information it acquires in accordance with Defendants' obligations under Section 2.2 of this Agreement.

## 3.     RELEASE.

3.1     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

## 4.     NOTICE TO THE CLASS.

4.1     The Notice Plan shall consist of the following:

(a)     *Settlement Class List*.  No later than fourteen (14) days after the execution of this Agreement, Defendants shall produce an electronic list from its records that includes the names, last known U.S. Mail addresses, and email addresses, to the extent available, belonging to Persons within the Settlement Class.  Class Counsel's assent to this Agreement shall constitute consent on behalf of the Settlement Class to disclose this information, consistent with the written consent provisions of the PPPA.  This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel.

14

(b)    *Direct Notice via Email.* No later than fourteen (14) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is in the Class List. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

(c)    *Direct Notice via U.S. Mail.* No later than the twenty-one (21) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send notice substantially in the form attached as Exhibit C and a postcard Claim Form with return postage prepaid via First Class U.S. Mail to all Settlement Class Members who did not receive an email pursuant to Paragraph 4.1(b), above.

(d)    *Settlement Website.* Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at www.americanmediamagazinesettlement.com which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

(e)    *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

**4.2**     The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendants Counsel.

**4.3**     Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including the AMI Publication(s) to which he or she is or was a subscriber; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

**4.4**     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received

any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

  **4.5** A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the name of the American Media, Inc. and/or Odyssey Magazine Publishing Group, Inc. Publication(s) to which he or she is a subscriber, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

  **4.6** The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(e) is provided.

**4.7**     Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.     SETTLEMENT ADMINISTRATION.**

**5.1**     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

      **(a)**     Forward to Defendants' Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement,

and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

      **(b)**     Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendants' Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel;

      **(c)**     Provide weekly reports to Class Counsel and Defendants' Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

      **(d)**     Make available for inspection by Class Counsel or Defendants Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

      **5.2**     The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim by determining if the Person is on the Class List and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form. In the event a Person submits a timely Claim Form by the Claims Deadline where the Person appears on the Class List but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such Person one (1) reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline. In the event the

Settlement Administrator receives such information more than thirty (30) days after the Claims

Deadline, then any such claim shall be denied. The Settlement Administrator may contact any

Person who has submitted a Claim Form to obtain additional information necessary to verify the

Claim Form.

**5.3** Defendants' Counsel and Class Counsel shall have the right to challenge the

acceptance or rejection of a Claim Form submitted by Settlement Class Members. The

Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendants'

Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel

and Defendants' Counsel are not able to agree on the disposition of a challenge, the disputed

claim shall be submitted to Wayne R. Andersen of JAMS for binding determination.

**5.4** In the exercise of its duties outlined in this Agreement, the Settlement

Administrator shall have the right to reasonably request additional information from the Parties

or any Settlement Class Member.

## 6. TERMINATION OF SETTLEMENT.

**6.1** Subject to Paragraphs 9.1-9.3 below, Defendants or the Class Representatives on

behalf of the Settlement Class, shall have the right to terminate this Agreement by providing

written notice of the election to do so ("Termination Notice") to all other Parties hereto within

twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary

Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final

approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final

Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is

modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or

(v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this

Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2**     If prior to the Final Approval Hearing Persons who otherwise would be members of the Settlement Class have timely requested exclusion from the Settlement Class in accordance with the provisions of the Notice Order and the notice given pursuant thereto, and such Persons in the aggregate constitute more than three percent (3%) of the Settlement Class, Defendants shall have, in their sole and absolute discretion, the option to terminate this settlement in accordance with the procedures set forth in paragraph 6.1.

**7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

**7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, B, C, and D hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

**7.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

**(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

**(b)**     approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

**(c)**     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

**(d)**     find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

**(e)**     dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**(f)** incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

**(g)** permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the respective Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

**(h)** without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

**(i)** incorporate any other provisions, as the Court deems necessary and just.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

**8.1** Defendants agree to pay to Class Counsel from the Settlement Fund, subject to Court approval, an amount not to exceed thirty-five percent (35%) of the Settlement Fund (or two million six hundred sixty thousand dollars ($2,660,000.00)), plus reimbursement of costs and expenses associated with the Action. Plaintiffs will petition the Court for an award of such attorneys' fees and Defendants agree to not object to or otherwise challenge, directly or indirectly, Class Counsel's petition for reasonable attorneys' fees and for reimbursement of expenses if limited to this amount. Class Counsel, in turn, agrees to seek no more than this amount from the Court in attorneys' fees and for reimbursement of expenses. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.

**8.2**     The Fee Award shall be payable within seven (7) days after entry of the Court's

Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees

and Costs (the "Undertaking") attached hereto as Exhibit E, and providing all payment routing

information and tax I.D. numbers for Class Counsel. Payment of the Fee Award shall be made by

wire transfer to Bursor & Fisher, P.A., as agent for Co-Lead Class Counsel, for distribution to

and among counsel for Plaintiffs and the Class, in accordance with wire instructions to be

provided to the Settlement Administrator by Bursor & Fisher, P.A., and completion of necessary

forms, including but not limited to W-9 forms. Notwithstanding the foregoing, if for any reason

the Final Judgment is reversed or rendered void as a result of an appeal(s) then any Persons or

firms who shall have received such funds shall be severally liable for payments made pursuant to

this subparagraph, and shall return such funds to the Settlement Fund.  Additionally, should any

parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to

exist prior to the final payment to Class Members, those parties shall execute a new undertaking

guaranteeing repayment of funds within 14 days of such an occurrence.

**8.3**     Defendants agree to pay to the Class Representatives from the Settlement Fund, in

addition to any settlement payment as a result of an Approved Claim pursuant to this Agreement,

and in recognition of their efforts on behalf of the Settlement Class, subject to Court approval, an

incentive award in the amount of ten thousand dollars ($10,000.00) to be divided between them

equally. Defendants shall not object to or otherwise challenge, directly or indirectly, Class

Counsel's application for the incentive award to the Class Representatives if limited to this

amount. Class Counsel, in turn, agrees to seek no more than this amount from the Court as the

incentive award for the Class Representatives. Should the Court award less than this amount, the

difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph

shall remain in the Settlement Fund. Such award shall be paid from the Settlement Fund (in the

form of a check to each Class Representative that is sent care of Class Counsel), within five (5) business days after entry of the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within five (5) business days after the Effective Date.

**9.      CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1      The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)      The Parties and their counsel have executed this Agreement;

(b)      The Court has entered the Preliminary Approval Order;

(c)      The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

(d)      The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

9.2      If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendants Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in

25

substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3**      If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

## 10.    MISCELLANEOUS PROVISIONS.

**10.1**     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and

each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

**10.3** The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4** Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

**(a)** is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**(b)** is, may be deemed, or shall be used, offered or received against Defendants, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)** is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal

or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

> (d)     is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

> (e)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.6    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.7**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.8**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.9**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.10**    Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.11**    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.12**    This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.14**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.15**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Michigan.

**10.16**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.17**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Benjamin Thomassen, Edelson PC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; Jacob Sommer, ZwillGen PLLC, 1900 M Street NW, Suite 250, Washington, D.C. 20036.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.
SIGNATURE PAGE FOLLOWS]

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: April 15, 2017      **ELIZABETH MOELLER**

By:_____
Elizabeth Moeller, individually and as
representative of the Class

Dated: April __, 2017      **NICOLE BRISSON**

By:_____
Nicole Brisson, individually and as
representative of the Class

Dated: April __, 2017      **AMERICAN MEDIA, INC. & ODYSSEY MAGAZINE
PUBLISHING GROUP INC.**

By:_____

Its:_____
Its: General Counsel, American Media, Inc. &
Odyssey Magazine Publishing Inc.

**IT IS SO STIPULATED BY COUNSEL:**

Dated:  April__, 2017      **EDELSON PC**

By:_____
Jay Edelson
jedelson@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-06370
Fax: (312) 589-6378

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: April __, 2017                **ELIZABETH MOELLER**

                                     By:_____
                                     Elizabeth Moeller, individually and as
                                     representative of the Class


Dated: April _17_, 2017              **NICOLE BRISSON**

                                     By: _Nicole Brisson_
                                     Nicole Brisson, individually and as
                                     representative of the Class


Dated: April __, 2017                **AMERICAN MEDIA, INC. & ODYSSEY MAGAZINE PUBLISHING GROUP INC.**

                                     By:_____

                                     Its:_____
                                     Its: General Counsel, American Media, Inc. &
                                     Odyssey Magazine Publishing Inc.

**IT IS SO STIPULATED BY COUNSEL:**

Dated:  April__, 2017                **EDELSON PC**


                                     By:_____
                                     Jay Edelson
                                     jedelson@edelson.com
                                     Benjamin S. Thomassen
                                     bthomassen@edelson.com
                                     EDELSON PC
                                     350 North LaSalle Street, Suite 1300
                                     Chicago, Illinois 60654
                                     Tel: (312) 589-06370
                                     Fax: (312) 589-6378


31

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: April __, 2017    **ELIZABETH MOELLER**

         By:_____
         Elizabeth Moeller, individually and as
         representative of the Class

Dated: April __, 2017    **NICOLE BRISSON**

         By:_____
         Nicole Brisson, individually and as
         representative of the Class

Dated: April 17, 2017   **AMERICAN MEDIA, INC. & ODYSSEY MAGAZINE PUBLISHING GROUP INC.**

         By: _____

         Its: Eric Klee _____
         Its: General Counsel, American Media, Inc. &
         Odyssey Magazine Publishing Inc.

**IT IS SO STIPULATED BY COUNSEL:**

Dated:  April__, 2017    **EDELSON PC**

         By:_____
         Jay Edelson
         jedelson@edelson.com
         Benjamin S. Thomassen
         bthomassen@edelson.com
         EDELSON PC
         350 North LaSalle Street, Suite 1300
         Chicago, Illinois 60654
         Tel: (312) 589-06370
         Fax: (312) 589-6378

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: April ___, 2017         **ELIZABETH MOELLER**

                                     By:_____
                                     Elizabeth Moeller, individually and as
                                     representative of the Class

Dated: April ___, 2017         **NICOLE BRISSON**

                                     By:_____
                                     Nicole Brisson, individually and as
                                     representative of the Class

Dated: April ___, 2017         **AMERICAN MEDIA, INC. & ODYSSEY MAGAZINE PUBLISHING GROUP INC.**

                                     By:_____

                                     Its:_____
                                     Its: General Counsel, American Media, Inc. &
                                     Odyssey Magazine Publishing Inc.

**IT IS SO STIPULATED BY COUNSEL:**

Dated: April___, 2017         **EDELSON PC**

                                     By:_____
                                     Jay Edelson
                                     jedelson@edelson.com
                                     Benjamin S. Thomassen
                                     bthomassen@edelson.com
                                     EDELSON PC
                                     350 North LaSalle Street, Suite 1300
                                     Chicago, Illinois 60654
                                     Tel: (312) 589-06370
                                     Fax: (312) 589-6378

Dated:  April 18, 2017

**BURSOR & FISHER, PA**

By: _____

Scott A. Bursor
scott@bursor.com
Joseph I. Marchese
jmarchese@bursor.com
BURSOR & FISHER, PA
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: (212) 989.9163

Dated: April 18, 2017

**ZWILLGEN PLLC**

By: _____

Jacob Sommer
jake@zwillgen.com
ZWILLGEN, PLLC
1900 M St. SW
Suite 250
Washington, DC 20036
Tel: 202.296.3585
Fax: 202.706-5298

*Attorneys for Defendants*

32

# Exhibit A

**MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: _____ _____   Zip Code: _____ _____ _____ _____ _____

Email Address (optional): _____

Contact Phone #: ( ____ ____ ____) ____ ____ ____ − ____ ____ ____ ____ (You may be contacted if further information is required.)

<u>Class Member Verification</u>: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐  I had a Michigan street address and obtained a subscription to an American Media Inc. Publication between April 14, 2010 and July 31, 2016. American Media Inc. Publications include:  Country Weekly, Men's Fitness, Muscle & Fitness, Fit Pregnancy, Flex, Muscle & Fitness Hers, Natural Health, National Examiner, Shape, Star, OK!, Radar, Soap Opera Digest, National Enquirer, and Globe .

☐ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ____ ____/ ____ ____/ ____ ____

Print Name: _____

The Settlement Administrator will review your Claim Form; if accepted you will be mailed a check for a *pro rata* share of the Settlement Fund depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.americanmediamagazinesettlement.com or call [toll free number]**

# Exhibit B

From:   MagazineSettlement@americanmediaincsettlement.com
To:     JonQClassMember@domain.com
Re:     Legal Notice of Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Moeller et al. v. American Media Inc. et al.*, Case No. 2:16-cv-11367-JEL-EAS
**(United States District Court for the Eastern District of Michigan)**

**Our Records Indicate You Have Subscribed to an American Media Inc. and / or Odyssey Magazine Publishing Group Inc. Magazine and are Entitled to a Payment From a Class Action Settlement.**

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendants, magazine publishers American Media Inc. and Odyssey Magazine Publishing Group Inc., disclosed its customers' subscription information to third parties in violation of Michigan privacy law. The Defendants deny they violated any law, but have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are approximately 415,000 persons with Michigan street addresses who between April 14, 2010 and July 31, 2016 obtained a subscription to an AMI Publication, including Country Weekly, Men's Fitness, Muscle & Fitness, Fit Pregnancy, Flex, Muscle & Fitness Hers, Natural Health, National Examiner, Shape, Star, OK!, Radar, Soap Opera Digest, National Enquirer, and Globe.

**What Can I Get?** If approved by the Court, Defendants will establish a Settlement Fund of $7,600,000.00 paid over two years to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, estimated at $100 per class member. The Settlement also requires Defendants to not disclose their Michigan customers' subscription information to third-party companies without the prior express written consent of the affected subscribers for a four-year period.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. You can file a claim by clicking [here.] Your payment will come by check in two installments.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendants over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude         yourself          from,          the          Settlement          are          available          at www.americanmediamagazinesettlement.com.  If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In

addition, your claims relating to the alleged disclosure or subscriber information in this case against the Defendants will be released.

**Who Represents Me?** The Court has appointed lawyers Jay Edelson of Edelson P.C. and Scott A. Bursor of Bursor & Fisher, P.A to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ .m. on [date] at the Federal Building, Room 100, 200 East Liberty Street, Ann Arbor, Michigan. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award each of the two Class Representatives $5,000 from the Settlement Fund for their services in helping to bring and settle this case. Defendants have agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than 35% of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.americanmediaincsettlement.com, contact the settlement administrator at 1-___-___-____ or Magazine Subscriber Privacy Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

# Exhibit C

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Magazine Subscriber Privacy Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

OUR RECORDS
INDICATE YOU HAVE
SUBSCRIBED TO AN
AMERICAN MEDIA INC.
AND/OR ODYSSEY
MAGAZINE
PUBLISHING GROUP
INC. MAGAZINE AND
ARE ENTITLED TO A
PAYMENT FROM A
CLASS ACTION
SETTLEMENT.

||||||||||||||||||||||||
Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

**MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM**

THIS CLAIM FORM MUST BE POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___   (You may be contacted if further information is required.)

<u>Class Member Verification:</u> By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐ I had a Michigan street address and obtained a subscription to an American Media Inc. Publication between April 14, 2010 and July 31, 2016. American Media Inc. Publications include:  Country Weekly, Men's Fitness, Muscle & Fitness, Fit Pregnancy, Flex, Muscle & Fitness Hers, Natural Health, National Examiner, Shape, Star, OK!, Radar, Soap Opera Digest, National Enquirer, and Globe .

☐ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form, if accepted you will be mailed a check for a *pro rata* share depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.americanmediamagazinesettlement.com or call [toll free number]**

---

A settlement has been reached in a class action lawsuit claiming that Defendants, magazine publishers American Media Inc. and Odyssey Magazine Publishing Group Inc., disclosed its customers' subscription information to third parties in violation of Michigan privacy law. The Defendants deny it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are approximately 415,000 persons with Michigan street addresses who between April 14, 2010 and July 31, 2016 obtained a subscription to an AMI Magazine including Country Weekly, Men's Fitness, Muscle & Fitness, Fit Pregnancy, Flex, Muscle & Fitness Hers, Natural Health, National Examiner, Shape, Star, OK!, Radar, Soap Opera Digest, National Enquirer, and Globe.

**What Can I Get?** If approved by the Court, Defendants will establish a Settlement Fund of $7,600,000.00 paid over two years to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, estimated at $100 per class member. The Settlement also requires Defendants to not disclose its Michigan customers' subscription information to third-party companies without the prior express written consent of the affected subscribers for a four-year period.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. A Claim Form is attached to this Notice or you can file online at [www.americanmediamagazinesettlement.com] Your payment will come after Defendants make the final installment payment.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendants over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [www.americanmediamagazinesettlement.com].  If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure or subscriber information in this case against the Defendants will be released.

**Who Represents Me?** The Court has appointed lawyers Jay Edelson and Scott A. Bursor to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ .m. on [date] at the Federal Building, Room 100, 200 East Liberty Street, Ann Arbor, Michigan. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award each of the two Class Representatives $5,000 from the Settlement Fund for their services in helping to bring and settle this case. Defendants have agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than 35% of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.americanmediaincsettlement.com, contact the settlement administrator at 1-___-___-____ or Magazine Subscriber Privacy Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

Magazine Subscriber Privacy Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

# Exhibit D

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**
*Moeller et al. v. American Media Inc. et al.*, Case No. 2:16-cv-11367-JEL-EAS

**IF YOU SUBSCRIBED TO AN AMERICAN MEDIA INC. AND / OR ODYSSEY PUBLISHING GROUP INC. MAGAZINE YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against magazine publishers American Media Inc. and Odyssey Magazine Publishing Group Inc. The class action lawsuit accuses American Media Inc. and Odyssey Magazine Publishing Group Inc. of disclosing their customers' subscription information to third parties in violation Michigan privacy law.

- You are included if you had a Michigan street address and obtained a subscription to an American Media Inc. and/or Odyssey Magazine Publishing Group Inc. magazine between April 14, 2010 and July 31, 2016. American Media and Odyssey Publications include Country Weekly, Men's Fitness, Muscle & Fitness, Fit Pregnancy, Flex, Muscle & Fitness Hers, Natural Health, National Examiner, Shape, Star, OK!, Radar, Soap Opera Digest, National Enquirer, and Globe.

- Persons included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund, which Class Counsel anticipates to be approximately $100. American Media Inc. and Odyssey Magazine Publishing Group Inc. have also agreed that, for a period of four (4) years following Preliminary Approval, they will not disclose any of its Michigan customers' Subscriber Information to any third-party companies without the prior express written consent of the affected subscribers.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendants about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendants about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.AMERICANMEDIAINCSETTLEMENT.COM

# BASIC INFORMATION

## 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Judith E. Levy, of the U.S. District Court for the Eastern District of Michigan, is overseeing this case. The case is called *Moeller et al. v. American Media, Inc. et al.*, Case No. 2:16-cv-11367-JEL-EAS. The persons who have sued are called the Plaintiffs. The Defendants are American Media Inc. and Odyssey Magazine Publishing Group, Inc.

## 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Elizabeth Moeller and Nicole Brisson) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

## 3. What is this lawsuit about?

This lawsuit claims that Defendants violated Michigan's Preservation of Personal Privacy Act, M.C.L. § 445.1712 ("PPPA") by disclosing information related to its customers' magazine subscriptions to third parties. The Defendants deny they violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

## 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendants should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?5. How do I know if I am in the Settlement Class?

The Court decided that the approximately 415,000 people who fit the following description are members of the **Settlement Class**:

Persons that had Michigan street addresses who obtained a subscription to an American Media Inc. and/or Odyssey Magazine Publishing Group Inc. Publication between April 14, 2010, and July 31, 2016.

The covered magazines include: Country Weekly, Men's Fitness, Muscle & Fitness, Fit Pregnancy, Flex, Muscle & Fitness Hers, Natural Health, National Examiner, Shape, Star, OK!, Radar, Soap Opera Digest, National Enquirer, and Globe.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

*Monetary Relief*: Defendants have created a Settlement Fund totaling $7,600,000.00, which they will pay in installments over two years. Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees, and an award to the Class Representatives will also come out of this fund (*see* Question 13).

*Privacy Protections*:  In addition to this monetary relief, for a period of four (4) years following Preliminary Approval, the Defendants have agreed not to disclose any Michigan Subscriber Information to any third-party companies without the prior express written consent of the affected subscribers.

A detailed description of the settlement benefits can be found in the Settlement Agreement. [insert hyperlink]

### 7. How much will my payment be?

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $100. You can contact Class Counsel at 1-866-354-3015 to inquire as to the number of claims filed.

### 8. When will I get my payment?

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their payment 28 days after Defendants make their

last installment payment into the settlement fund.  The payment will be made in the form of a check, and all checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

| 9. How do I get a payment? |
| --- |

If you are a Class Member and you want to get a payment, you must complete and submit a Claim Form by **[Claims Deadline]**. Claim Forms can be found and submitted on-line or you may have received a Claim Form in the mail as a postcard attached to a summary of this notice. To submit a Claim Form on-line or to request a paper copy, go to [www.americanmediamagazinesettlement.com] or call toll free, 1-800-000-0000.

We also encourage you to submit your claim on-line. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

| 10. What am I giving up if I stay in the Class? |
| --- |

If the Settlement becomes final, you will give up your right to sue Defendants for the claims this Settlement resolve. The Settlement Agreement describes the specific claims you are giving up against the Defendants. You will be "releasing" the Defendants and certain of its affiliates described in Section 1.26 of the Settlement Agreement.  Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not.  The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

| 11. What happens if I do nothing at all? |
| --- |

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

| 12. Do I have a lawyer in the case? |
| --- |

The Court has appointed Jay Edelson of Edelson PC and Scott A. Bursor of Bursor & Fisher, P.A to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

The Defendants have agreed to pay Class Counsel attorneys' fees and costs in an amount to be determined by the Court. The fee petition will seek no more than thirty-five percent (35%) of the Settlement Fund, plus reimbursement of their costs and expenses; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendants have agreed to pay the two Class Representatives $5,000 each from the Settlement Fund for their services in helping to bring and settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Moeller et al. v. American Media Inc. et al.*, Case No. 2:16-cv-11367-JEL-EAS settlement. Your letter or request for exclusion must also include your name, your address, the name of the American Media Inc. and/or Odyssey Magazine Publishing Group Inc. publication(s) to which you subscribed, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

Magazine Subscriber Privacy Settlement
0000 Street
City, ST 00000

### 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims being resolved by this Settlement.

### 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

# OBJECTING TO THE SETTLEMENT

## 17. How do I object to the Settlement?

If you're a Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it. The Court will consider your views.  To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Moeller et al. v. American Media Inc. et al.*, Case No. 2:16-cv-11367-JEL-EAS and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Class Member (including the name of the American Media Inc., and/or Odyssey Magazine Publishing Group, Inc. magazine(s) to which you are or were a subscriber), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendants' Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief.  File the objection with the Court and mail a copy to these two different places postmarked no later than **[objection deadline].**

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| The Hon Judith E. Levy Federal Building, Suite 300 200 East Liberty Street Ann Arbor, Michigan 48104 | Jay Edelson Edelson PC 350 North LaSalle St Suite 1300 Chicago, IL 60654  Scott A. Bursor Bursor & Fisher PA 888 Seventh Avenue New York, NY 10019 | Jacob Sommer ZwillGen PLLC 1900 M St NW Suite 250 Washington, DC 20036 |

## 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on **Month 00, 2017** in Courtroom 100 at the Federal Building, 200 East Liberty Street, Ann Arbor, Michigan. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [www.americanmediamagazinesettlement.com] or call 1-800-000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Moeller et al. v. American Media Inc. et al.*, Case No. 2:16-cv-11367-JEL-EAS." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

**22. Where do I get more information?**

This Notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.americanmediamagazinesettlement.com. You may also write with questions to Magazine Subscriber Privacy Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

# Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ELIZABETH MOELLER and NICOLE BRISSON, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>AMERICAN MEDIA, INC., a Delaware corporation, and ODYSSEY MAGAZINE PUBLISHING GROUP, INC., a Delaware corporation,<br><br>          Defendants. | Case No. 2:16-cv-11367-JEL-EAS<br><br>[Hon. Judith E. Levy] |

**STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS**

Plaintiffs Elizabeth Moeller and Nicole Brisson and Defendants, American Media, Inc. ("AMI"), and Odyssey Magazine Publishing Group, Inc., now known as AMI Celebrity Publications, LLC[1] ("Odyssey," and together, "Defendants") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Class Counsel and their law firms Bursor & Fisher P.A. and Edelson PC desire to give an undertaking (the "Undertaking") for repayment of their award of attorney fees and costs, approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, each of the undersigned Class Counsel, on behalf of themselves as individuals and as agents for their law firm, hereby submit themselves and their respective law

_____

[1] Odyssey Magazine Publishing Group, Inc. was merged out of existence on March 31, 2016.  It merged into AMI Celebrity Publications, LLC, a wholly-owned subsidiary of Defendant American Media. Wherever this Undertaking refers to Odyssey, the parties agree that those provisions will apply with equal force to AMI Celebrity Publications, LLC.

firms to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, Bursor & Fisher, P.A. and Edelson PC and their shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to Defendants the full amount of the attorneys' fees and costs paid by Defendants to Class Counsel, including any accrued interest.

In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Defendants the attorneys' fees and costs paid by Defendants to Class Counsel and/or Representative Plaintiffs in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event Class Counsel fails to repay to Defendants any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Defendants,

and notice to Class Counsel, summarily issue orders, including but not limited to judgments and attachment orders against each of Class Counsel, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that they have both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of Bursor & Fisher, P.A. and Edelson PC.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.
SIGNATURE PAGE FOLLOWS]

DATED: April 18, 2017

BURSOR & FISHER, P.A.

By: Scott A. Bursor, individually and
on behalf of Bursor & Fisher, P.A.
Attorneys for Plaintiffs

DATED: April ___, 2017

EDELSON PC

By: Jay Edelson, individually and
on behalf of Edelson PC
Attorneys for Plaintiffs

DATED: April 14, 2017

ZWILLGEN PLLC

By: Jacob Sommer
Attorneys for Defendants

4