UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH MOELLER and NICOLE BRISSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MEDIA, INC., a Delaware corporation, and ODYSSEY MAGAZINE PUBLISHING GROUP, INC., a Delaware corporation,<br><br>Defendants. | Case No. 2:16-cv-11367-JEL-EAS<br><br>Hon. Judith E. Levy |

## ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE

WHEREAS, a class action is pending before the Court entitled *Moeller v. American Media, Inc. et al.*, Case No. 2:16-cv-11367; and

WHEREAS, Plaintiffs Elizabeth Moeller and Nicole Brisson ("Plaintiffs"), individually and as Class Representatives, and Defendants American Media, Inc. and Odyssey Magazine Publishing Group, Inc. ("Defendants") have entered into a Settlement Agreement (dkt. 30-2), which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice; and

1

WHEREAS, on June 8, 2017, the Court granted Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "the approximately 415,000 Persons with Michigan street addresses who purchased a subscription to an AMI Publication to be delivered to that Michigan street address between April 14, 2010 and July 31, 2016," (dkt. 34); and

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement (dkt. 30-2), as well as Plaintiffs' Motion for Final Approval of the Settlement Agreement (dkt. 40), Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award (dkt. 37), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on September 6, 2017, and the record in the Action, and good cause appearing,

It is hereby ORDERED, ADJUDGED, and DECREED THAT:

1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3. The notice provided to the Settlement Class pursuant to the Settlement Agreement (dkt. 30-2) and order granting Preliminary Approval (dkt. 34)—

including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive Settlement Class List provided by Defendants, and (ii) the creation of the Settlement Website—fully complied with the requirements of Fed. R. Civ. P. 23 and due process, was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4. Five individuals—Katherine Brachulus, Kathy Hagerman, Rex Manning, Margaret Jeanne Pipher, and R. J. Trecha—have submitted timely requests for exclusion and are therefore excluded from the Settlement Class.

5. The Court finds that Defendants properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendants provided notice pursuant to CAFA and the Final Approval Hearing.

6. This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the

Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

7. One member of the Settlement Class—Angel Peterson—submitted an objection to the Settlement Agreement. Having carefully considered Ms. Peterson's objection and all the arguments raised therein, the Court overrules the objection for the reasons set forth in Plaintiffs' Motion for Final Approval of the Settlement Agreement.

8. The Court has specifically considered the factors relevant to class action settlement approval, including:

> (a) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (b) the risks, expense,

and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) whether the settlement is fair to the unnamed class members; (f) objections raised by class members; (g) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (h) whether the settlement is consistent with the public interest.

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 518, 522 (E.D. Mich. 2003). The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

9. The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

10. Accordingly, the Settlement is hereby finally approved in all respects.

11. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

12. This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

13. Upon the Effective Date of this Final Judgment, Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals'

respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations shall be deemed to have released Defendants, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity,

accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VRPA or other federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' magazine subscription information, including all claims that were brought or could have been brought in the Action.

14. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

15. The Court has also considered Plaintiffs' Motion and supporting declarations for attorneys' fees to Class Counsel, (dkt. 37), and adjudges that the payment of $2,660,000 is reasonable in light of the multi-factor test used to

evaluate fee awards in the Sixth Circuit. *See Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974); *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996). This award includes Class Counsel's unreimbursed litigation expenses. (*See* dkt. 37, at 9.)

16. The Court has also considered Plaintiffs' Motion and supporting declarations for an incentive award to the Class Representatives, Elizabeth Moeller and Nicole Brisson. (*See* dkt. 37, at 25–27). The Court adjudges that the payment of an incentive award in the amount of $5,000 to Ms. Moeller and $5,000 to Ms. Brisson to compensate them for their efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payments shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

17. All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within ninety (90) days of issuance shall revert to the Michigan Bar Association's Access to Justice Fund, which the Court approves as an appropriate *cy pres* recipient. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

18. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits

to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

19.  Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

20.  This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

IT IS SO ORDERED.

Dated: September 28, 2017  
    Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2017.

s/Shawna C. Burns  
SHAWNA C. BURNS  
Case Manager